UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ALICIA KESLER,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT LUNDBERG; LUNDBERG AND ASSOCIATES; E-TITLE INSURANCE; RON MYERS; MIKI MYERS; GREG OTT; SELECT PORTFOLIO SERVICING, INC.; UTAH SELECT REALTY; and MONTE MACGILLIVARY,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS (DOC. NO. 9) AND TO DISMISS ACTION WITH PREJUDICE PURSUANT TO 28 U.S.C. § 1915**<br><br>Case No. 2:22-cv-00669<br><br>District Judge Bruce S. Jenkins<br><br>Magistrate Judge Daphne A. Oberg |

Pro se Plaintiff Alicia Kesler, proceeding *in forma pauperis*, filed this action on October 18, 2022, asserting claims for "trespass" and "trespass on the case" against numerous defendants based on the 2017 foreclosure of her home.[1] Defendants Select Portfolio Servicing, Inc. and Greg Ott have moved to dismiss the complaint, arguing it is barred by the doctrine of claim preclusion and fails to state a claim for relief.[2] Because Ms. Kesler proceeds *in forma pauperis*, the court also reviews whether her complaint fails to state a claim against the other defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

As explained below, Ms. Kesler's claims against Select Portfolio Servicing, Mr. Ott, Scott Lundberg, Lundberg and Associates, and E-Title Insurance are barred by claim preclusion because they are duplicative of claims asserted against these defendants in a prior action which

---

[1] (*See* Compl., Doc. No. 5.)

[2] (Mot. to Dismiss Compl., Doc. No. 9.)

1

was dismissed with prejudice. Further, Ms. Kesler's complaint fails to state a plausible claim for relief against any of the named defendants, and it would be futile to give her an opportunity to amend. Accordingly, the undersigned[3] recommends the district judge grant the motion to dismiss and dismiss this action in its entirety, with prejudice.

## LEGAL STANDARDS

Whenever a court authorizes a party to proceed *in forma pauperis*, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[4] Dismissal is appropriate when "it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend."[5]

In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[7] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[8] But the

---

[3] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) on November 9, 2022. (Doc. No. 8.)

[4] 28 U.S.C. § 1915(e)(2)(B)(ii).

[5] *Phillips v. Layden*, 434 F. App'x 774, 775 (10th Cir. 2011) (unpublished) (alterations in original) (internal quotation marks omitted).

[6] *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[7] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[8] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

court need not accept the plaintiff's conclusory allegations as true.[9]  "[A] plaintiff must offer specific factual allegations to support each claim."[10]

Because Ms. Kesler proceeds pro se, her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[11]  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[12]  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[13]  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[14] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[15]

## BACKGROUND

In 2018, Ms. Kesler filed a prior action against Select Portfolio Servicing, Greg Ott, Scott Lundberg, Lundberg and Associates, E-Title Insurance, and numerous other defendants.[16]  Ms.

---

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[11] *Hall*, 935 F.2d at 1110.

[12] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[13] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[14] *Hall*, 935 F.2d at 1110.

[15] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[16] *See Kesler v. Countrywide Home Loans*, Case No. 2:18-cv-00469-RJS-DAO (D. Utah, filed June 11, 2018).  The court may take judicial notice of the records from the prior action without

Kesler eventually filed a second amended complaint, purporting to bring claims for "trespass," "trespass against the case," and "replevin" based on the 2017 foreclosure of her home.[17] Ms. Kesler also alleged generally that the foreclosure was "contrary to the [C]onstitution."[18] Several defendants not named in the current action moved to dismiss the claims against them pursuant to Rule 12(b)(6). Because Ms. Kesler proceeded *in forma pauperis*, the court also screened her second amended complaint under 28 U.S.C. § 1915(e)(2)(B). The magistrate judge issued a report and recommendation to grant the motion to dismiss and to dismiss the action in its entirety with prejudice, finding the amended complaint failed to state a plausible claim for relief against any of the defendants.[19] Because Ms. Kesler had already twice amended her complaint, the magistrate judge found further opportunities to amend would be futile.[20] After Ms. Kesler objected, the chief district judge made a de novo finding that the second amended complaint failed to state a claim under 28 U.S.C. § 1915(e)(2)(B), adopted the report and recommendation in its entirety, and dismissed the action with prejudice in March 2021.[21]

Ms. Kesler filed the instant action in October 2022, again naming Select Portfolio Servicing, Greg Ott, Scott Lundberg, Lundberg and Associates, and E-Title Insurance as

---

converting the Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

[17] (*See* Doc. No. 117 at 3, Case No. 2:18-cv-00469-RJS-DAO.)

[18] (*Id.* at 6.)

[19] (*See* Doc. No. 133, Case No. 2:18-cv-00469-RJS-DAO.)

[20] (*See id.*)

[21] (*See* Doc. No. 140, Case No. 2:18-cv-00469-RJS-DAO.)

defendants.[22] She also named other defendants who were not parties to the 2018 action.[23] Ms. Kesler's complaint again purports to bring claims for "trespass," "trespass on the case," and "replevin," in addition to citing various amendments to the United States Constitution.[24] Her complaint also briefly references "mortgage fraud" and the Fair Debt Collection Practices Act.[25]

ANALYSIS

### A. Claim Preclusion

Select Portfolio Servicing and Mr. Ott contend Ms. Kesler's claims are barred by claim preclusion based on the 2018 action. Not only is this argument well-founded as to Select Portfolio Servicing and Mr. Ott, the claims against Scott Lundberg, Lundberg and Associates, and E-Title Insurance are likewise precluded.

Claim preclusion, also known as res judicata, "prevent[s] a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment."[26] "For claim preclusion to apply, three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits."[27] "[E]ven if these three elements are satisfied, there is an exception to the

---

[22] (*See* Compl., Doc. No. 5.)

[23] (*See id.*)

[24] (*See id.* at 1, 9–13.)

[25] (*See id.* at 11.)

[26] *Johnson v. Spencer*, 950 F.3d 680, 693 (10th Cir. 2020) (alteration in original) (quoting *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017)).

[27] *Id.* (alteration in original) (internal quotation marks omitted).

application of claim preclusion where the party resisting it did not have a full and fair opportunity to litigate the claim in the prior action."[28]

### 1. Final Judgment on the Merits

The 2018 action resulted in final judgment on the merits. A dismissal for failure to state a claim under Rule 12(b)(6) is a "judgment on the merits to which res judicata applies."[29] The court dismissed the 2018 action with prejudice for failure to state a claim, pursuant to both Rule 12(b)(6) (as to the defendants who moved to dismiss the second amended complaint) and 28 U.S.C. § 1915(e)(2)(B) (as to the other defendants, including those named in the current case).[30] However, the court applied the same Rule 12(b)(6) standard in determining whether the complaint stated a claim under 28 U.S.C. § 1915(e)(2)(B).[31] Accordingly, the dismissal was a final judgment on the merits for purposes of claim preclusion.[32]

---

[28] *Id.* (alteration in original) (internal quotation marks omitted).

[29] *Johnson*, 950 F.3d at 719 (internal quotation marks omitted).

[30] (*See* Doc. No. 133 at 6–9, Case No. 2:18-cv-00469-RJS-DAO; Doc. No. 140 at 7–9, Case No. 2:18-cv-00469-RJS-DAO.)

[31] (*See* Doc. No. 133 at 4–5, Case No. 2:18-cv-00469-RJS-DAO; Doc. No. 140 at 7, Case No. 2:18-cv-00469-RJS-DAO); *see also Kay*, 500 F.3d at 1217 ("We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim.").

[32] The report and recommendation in the 2018 action also stated, without analysis, that "many of [Ms. Kesler's] allegations [were] frivolous." (Doc. No. 133 at 9, Case No. 2:18-cv-00469-RJS-DAO.) A dismissal under 28 U.S.C. § 1915 on the ground of frivolousness is not a final judgment on the merits. *See Johnson*, 950 F.3d at 717–18 (citing *Denton v. Hernandez*, 504 U.S. 25, 27, 34 (1992)). But the analysis of both the report and recommendation and the order adopting it focused on failure to state a claim, applying the Rule 12(b)(6) standard. And neither the report and recommendation nor the order adopting it found the 2018 action, as a whole, was frivolous. *Cf.* 28 U.S.C. § 1915(e)(2)(B)(i) (permitting dismissal if "the action or appeal . . . is frivolous").

*2. Identity of Parties*

Select Portfolio Servicing, Mr. Ott, Mr. Lundberg, Lundberg and Associates, and E-Title Insurance were named as defendants in both the 2018 action and the current action.[33] Accordingly, the "identity of parties" requirement is met for these defendants.

*3. Identity of Cause of Action*

The causes of action in the 2018 case and the current case are also identical for purposes of claim preclusion. "[A] cause of action is identical for res judicata purposes if it arises out of the same event or series of events which concluded in a valid and final judgment."[34] The operative complaints in both actions are rambling and difficult to discern. But it is apparent both complaints are based on the same events, namely, the 2017 foreclosure of Ms. Kesler's home. In both complaints, Ms. Kesler alleges she was in the process of refinancing her mortgage when an attorney representing Mr. Ott and Select Portfolio Servicing informed her that her home was in foreclosure.[35] She alleges she then filed for bankruptcy, but her home was sold in violation of the bankruptcy stay.[36] She alleges a Utah state court later permitted the buyer to take possession despite breaks in the chain of title—and that Scott Lundberg, Lundberg and Associates, and

---

[33] (*See* Compl. 1, Doc. No. 5; Doc. No. 117 at 1, Case No. 2:18-cv-00469-RJS-DAO.)

[34] *Denver Homeless Out Loud v. Denver*, 32 F.4th 1259, 1274 (10th Cir. 2022).

[35] (*See* Compl. 2, Doc. No. 5; Doc. No. 117 at 5–6, Case No. 2:18-cv-00469-RJS-DAO.)

[36] (*See* Compl. 3, Doc. No. 5; Doc. No. 117 at 6, Case No. 2:18-cv-00469-RJS-DAO.)

7

E-Title Insurance were involved in this proceeding (although the details of their involvement are not clearly explained).[37]

Both complaints purport to assert claims for "trespass," "trespass on the case," and "replevin" based on these allegations.[38] And both complaints make conclusory references to various constitutional provisions and "fraud."[39] Although the 2022 complaint also mentions the Fair Debt Collection Practices Act in passing, Ms. Kesler does not purport to assert a claim under this statute or explain how it relates to her allegations.[40] Thus, both complaints assert the same causes of action based on the same underlying events. Under these circumstances, the causes of action are identical for purposes of claim preclusion.

   4.  *Full and Fair Opportunity to Litigate*

Ms. Kesler had a full and fair opportunity to litigate the 2018 action. She actively participated in the proceedings, and she was given several opportunities to amend her complaint. Despite these opportunities, the court ultimately determined Ms. Kesler failed to state a claim. Accordingly, this exception to the claim preclusion doctrine does not apply.

In sum, all requirements of claim preclusion are met as to Select Portfolio, Mr. Ott, Mr. Lundberg, Lundberg and Associates, and E-Title Insurance. Ms. Kesler's claims against these defendants are barred because they are duplicative of claims dismissed with prejudice in the 2018 action.

---

[37] (*See* Compl. 7–9, Doc. No. 5; Doc. No. 117 at 6, Case No. 2:18-cv-00469-RJS-DAO.)

[38] (*See* Compl. 1, 9–13, Doc. No. 5; Doc. No. 117 at 3, Case No. 2:18-cv-00469-RJS-DAO.)

[39] (*See* Compl. 1, 10–13, Doc. No. 5; Doc. No. 117 at 3–4, 6, Case No. 2:18-cv-00469-RJS-DAO.)

[40] (*See* Compl. 11, Doc. No. 5.)

### B. Failure to State a Claim

Ms. Kesler's complaint is also subject to dismissal because it fails to state a plausible claim for relief against any of the named defendants.[41] As in the 2018 action, Ms. Kesler's complaint contains no allegations connecting specific actions by particular defendants to any cognizable constitutional violation.[42] She also does not allege facts sufficient to establish any of the defendants acted under color of state law, as required to bring a claim under 42 U.S.C § 1983 for constitutional violations.[43] Likewise, Ms. Kesler's references to state-law claims for trespass, replevin, and fraud are conclusory and unsupported by factual development regarding actions of the named defendants. Vague allegations that defendants such as Lundberg and Associates and E-Title Insurance "conceal[ed] well-known facts" and took "fraudulent actions" are insufficient to state a plausible claim for relief.[44] Finally, Ms. Kesler's grievances regarding the Utah state court's handling of proceedings after the foreclosure fail to state a claim against any named defendants.

Where Ms. Kesler's prior action based on the same events was dismissed, and Ms. Kesler had several opportunities to amend her complaint in that action, further opportunities to amend

---

[41] As to Select Portfolio Servicing, Mr. Ott, Mr. Lundberg, Lundberg and Associates, and E-Title Insurance, this provides an alternative ground for dismissal.

[42] *See Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) ("[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 or *Bivens* claim." (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998)).

[43] *See Watson v. Kan. City*, 857 F.2d 690, 694 (10th Cir. 1988) ("To establish a cause of action under section 1983, a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law.").

[44] (*See* Compl. 5, Doc. No. 5.)

9

the complaint in this case would be futile. Therefore, dismissal for failure to state a claim is appropriate.

## RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS the district judge GRANT the motion to dismiss[45] and DISMISS this action with prejudice.

The court will send copies of this Report and Recommendation to all parties who have appeared, who are notified of their right to object to it. Any objection must be filed within fourteen days of service.[46] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 4th day of April, 2023.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[45] (Doc. No. 9.)

[46] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).