UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ALICIA KESLER,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT LUNDBERG; LUNDBERG AND ASSOCIATES; E-TITLE INSURANCE; RON MYERS; MIKI MYERS; GREG OTT; SELECT PORTFOLIO SERVICING, INC.; UTAH SELECT REALTY; and MONTE MACGILLIVARY,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO PLACE ALICIA KESLER ON RESTRICTED FILER LIST**<br><br>Case No. 2:22-cv-00669<br><br>District Judge Bruce S. Jenkins<br><br>Magistrate Judge Daphne A. Oberg |

On April 4, 2023, the court ordered pro se plaintiff Alicia Kesler to show cause why the United States District Court for the District of Utah should not enter an order placing restrictions on her filings in this court.[1] Having reviewed Ms. Kesler's response,[2] the undersigned recommends the district judge enter an order restricting Ms. Kesler's filing of future pleadings in the District of Utah, as set forth below.

Filing restrictions are appropriate when a litigant who is given the privilege of proceeding *in forma pauperis* abuses that privilege by filing repetitious or frivolous actions.[3] As described in the order to show cause, Ms. Kesler, proceeding *in forma pauperis*, filed an action in this court

---

[1] (Doc. No. 19.)

[2] (Doc. No. 20.)

[3] *See Werner v. Utah*, 32 F.3d 1446, 1447–48 (10th Cir. 1994).

1

in 2018 against numerous defendants based on the 2017 foreclosure of her home.[4] After Ms. Kesler twice amended her complaint, the court found the operative complaint failed to state a claim under 28 U.S.C. § 1915(e)(2)(B) and dismissed the action with prejudice in March 2021.[5] On October 18, 2022, again proceeding *in forma pauperis*, Ms. Kesler filed this second action based on the 2017 foreclosure, naming many of the same defendants.[6] The undersigned magistrate judge has issued a report and recommendation to dismiss this action under 28 U.S.C. § 1915(e)(2)(B), finding that Ms. Kesler's claims are duplicative of those in the prior action and her complaint again fails to state a plausible claim for relief.[7]

    Ms. Kesler filed a combined response to the order to show cause and report and recommendation.[8] Ms. Kesler argues leniency should be shown to her as a pro se litigant.[9] She also contends the court has ignored her allegations and "shown bias towards her and her abilities to obtain a jury trial."[10] However, she does not address the substance of the order to show cause nor why she should be not placed on restricted filer status.

---

[4] *See Kesler v. Countrywide Home Loans*, Case No. 2:18-cv-00469-RJS-DAO (D. Utah, filed June 12, 2018).

[5] (*See* Case No. 2:18-cv-00469-RJS-DAO, Doc. No. 140.)

[6] (*See* Doc. No. 5.)

[7] (*See* Doc. No. 18.)

[8] (*See* Doc. No. 20.)

[9] (*Id.* at 2.)

[10] (*Id.*)

Based on Ms. Kesler's filing of duplicative actions which fail to state a plausible claim for relief, the undersigned RECOMMENDS the district judge issue an order restricting Ms. Kesler's filing of new actions in this district as follows:

(1) requiring Ms. Kesler to file a petition with the Clerk of Court requesting leave to file a pro se action;

(2) requiring the petition to include a list of all of Ms. Kesler's current or previously filed lawsuits;

(3) requiring the petition to include a notarized affidavit from Ms. Kesler reciting the issues she seeks to present and including a short discussion of the legal basis asserted for the claims;

(4) mandating the affidavit include an assertion that, to the best of Ms. Kesler's knowledge, the legal arguments raised are not frivolous or brought in bad faith;

(5) requesting that the Clerk of Court send the referenced materials to a magistrate judge for review to determine whether the complaint is meritorious, duplicative, or frivolous;

(6) asking the magistrate judge to determine if the complaint is without merit, duplicative, or frivolous;

(7) requiring the magistrate judge to forward the complaint to the Chief District Judge for further review; and

(8) concluding that only with the review and consent of the Chief District Judge the complaint may be filed.

The court will send copies of this report and recommendation to Ms. Kesler, who is notified of her right to object to it. Any objection must be filed within fourteen days of service.[11] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 18th day of April, 2023.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[11] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).