IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALICIA KESLER,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT LUNDBERG, et al.,<br><br>Defendants. | **ORDER ADOPTING RECOMMENDATIONS, DISMISSING CASE, AND IMPOSING FILING RESTRICTIONS**<br><br>Case No. 2:22-cv-00669-BSJ-DAO<br><br>District Judge Bruce S. Jenkins<br><br>Magistrate Judge Daphne A. Oberg |

Before the court are two Reports and Recommendation issued by United States Magistrate Judge Daphne A. Oberg. The first Report and Recommendation, filed on April 4, 2023, recommends this action be dismissed because the claims are precluded by a similar action Plaintiff filed in 2018 and because Plaintiff's Complaint fails to state a claim.[1] The second Report and Recommendation, filed on April 18, 2023, recommends the court impose filing restrictions on Plaintiff, Alicia Kesler.[2] The parties were notified of their right to file objections to each Report and Recommendation within fourteen days of service. On April 11, Plaintiff filed an objection to the April 4 Report and Recommendation recommending dismissal.[3] Plaintiff did not respond to the April 18 Report and Recommendation recommending filing restrictions.

---

[1] *See* R. & R. (ECF No. 18).

[2] *See* R. & R. (ECF No. 21).

[3] *See* Response (ECF No. 20).

I.      **Dismissal of action**

For the reasons set forth below, the court finds Plaintiff failed to allege facts sufficient to support any plausible cause of action under federal law. In light of Plaintiff filing her objection, the court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 73; *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court."). To trigger de novo review, objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Interpreting Plaintiff's objection liberally, the court construes it as objecting to the portion of the Magistrate Judge's Report and Recommendation determining the Complaint fails to state a viable claim for relief.[4] Accordingly, the court will conduct a de novo review to determine whether the Complaint states a viable claim.

Pursuant to 28 U.S.C. § 1915(e)(2), the court must dismiss a complaint filed by a plaintiff proceeding in forma pauperis if the complaint fails to state a claim on which relief may be granted. *See Buchheit v. Green*, 705 F.3d 1157, 1160–61 (10th Cir. 2012). When deciding whether to dismiss such a complaint, the court accepts the allegations in the complaint "as true and construe[s] those allegations, and any reasonable inferences that might be drawn from them" in Plaintiff's favor. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). "Nevertheless, conclusory

---

[4] Notice (ECF No. 20). Plaintiff also contends the Magistrate Judge failed to afford her the leniency owed to a pro se Plaintiff. The court disagrees. The Magistrate Judge expressly stated and applied the lenient standard applicable to pro se litigants. *See* R & R at 3–9 (ECF No. 18).

allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While a pro se complaint must be construed liberally, a court must not act as an advocate for a pro se litigant. *Id.* To survive dismissal, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Interpreting the document liberally, Plaintiff's Complaint challenges the propriety of the sale of her home on September 25, 2017, following nonjudicial foreclosure proceedings.[5] The only portion of Plaintiff's Complaint that refers to a federal claim is Plaintiff's conclusion she was deprived of her due process rights as a result of the nonjudicial foreclosure.[6] Yet Plaintiff does not allege facts that suggest any of the defendants acted under color of law, as required to maintain a constitutional claim under § 1983. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) ("the only proper defendants in a Section 1983 claim are those who 'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it"). Further, even assuming Defendants acted under color of state law, Plaintiff has not alleged facts describing any constitutional violation. Plaintiff affirmatively alleges she was afforded "time to fight the sale of her home in State court."[7] She indicates a state judge, who is

---

[5] *See* Compl. at 2–3 (ECF No. 5).

[6] *See id.* While some allegations could be construed to allege claims under the Fair Debt Collection Practices Act, the Supreme Court has foreclosed such claims in the context of nonjudicial foreclosure proceedings. *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1038 (2019) ("those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act.").

[7] Compl. at 3 (ECF No. 5).

3

not party to this action, "handed Ms. Kesler[']s home over" to one of the named Defendants.[8] Plaintiff alleges a circumstance in which she was unable to refinance her home prior to the foreclosure proceedings at issue. While this circumstance is unfortunate, the facts alleged do not set forth a viable cause of action.

Turning to Plaintiff's state claims, which she characterizes as "trespass and trespass on the case," "trover," and various other common-law doctrines; Plaintiff fails to allege the parties are diverse as required for the court to exercise jurisdiction of these state-law claims. *See* 28 U.S.C. 1332. Ordinarily, such a failure may counsel in favor of allowing amendment. The court does not do so here because Plaintiff's state-law claims are also subject to dismissal because they attempt to challenge the validity of the state foreclosure proceedings, which is not appropriate. This court "does not sit as an appellate court for state decisions." *Navajo Nation v. Dist. Court for Utah County, Fourth Judicial Dist., Utah*, 624 F. Supp. 130, 135 (D. Utah 1985)); *see Collins v. Jordan*, 2011 WL 765926, at *2 (D. Kan. Feb. 25, 2011) ("[F]ederal courts do not sit as an appellate court to review alleged error in a state court's interpretation and application of state law."). Accordingly, given the history in this case, and Plaintiff's prior case challenging the same foreclosure proceedings,[9] the court finds further opportunities to amend would be futile. Based on the foregoing, the court overrules Plaintiff's objection to the Magistrate Judge's April 4 Report and Recommendation, dismisses Plaintiff's federal claims on the merits, and declines to exercise jurisdiction over her state-law claims.[10]

---

[8] *Id.*

[9] *See* Docket, *Kesler v. Countrywide Home Loans*, Civ. No. 2:18-cv-00469 (D. Utah 2018).

[10] Given the court's ruling on Ms. Kessler's objection, it need not reach the remainder of the April 4 Report and Recommendation to dispose of the instant action. Nonetheless, in the event it is

4

## II.     Filing restrictions

Having reviewed all relevant materials, including the reasoning set forth in the Magistrate Judge's April 18 Report and Recommendation, the court adopts the recommendation, with a modest modification. The April 18 Report and Recommendation sets forth a detailed history of Plaintiff's repetitive filings related to the 2017 foreclosure of her home, yet recommends the court restrict all Ms. Kesler's future filings. The Tenth Circuit has cautioned district courts that filing restrictions should be "carefully tailored." *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006). In *Andrews v. Heaton*, the Tenth Circuit altered a district court's order requiring plaintiff to obtain chief judge approval for all future pro se filings. 483 F.3d 1070, 1077 (10th Cir. 2007). Given the plaintiff in *Andrews* had shown a propensity to file repetitive litigation only related to losing custody of his children, the Tenth Circuit modified the restrictions "to cover only filings in these or future matters related to th[at] subject matter . . . ." *Id.* The court finds similar modification appropriate here. Plaintiff has shown a propensity to file repetitive litigation related to the 2017 foreclosure of her home. Accordingly, the court will impose filing restrictions on any filing by Plaintiff Alicia Kesler that relates in any way to the 2017 foreclosure of her home.

## ORDER

Based on the foregoing, the court OVERRULES Plaintiff's Objection to the April 4 Report and Recommendation (ECF No. 20) and DISMISSES Plaintiff's Complaint. Plaintiff's federal claims are dismissed with prejudice and the court declines to exercise supplemental jurisdiction over her state-law claims.

---

helpful to any subsequent review, the court finds no clear error in any of Judge Oberg's conclusions in the portion of the April 4 Report and Recommendation to which Plaintiff did not object and the court adopts those conclusions, regarding claim preclusion, in their entirety.

Further, the court ADOPTS WITH MODIFICATIONS the April 18 Report and Recommendation, imposing filing restrictions on Alicia Kesler. (ECF No. 21).

The court FURTHER ORDERS Alicia Kesler is restricted from filing new actions in this district in any way related to the 2017 foreclosure of her home. Prior to filing any such action, Ms. Kesler must file a petition with the Clerk of Court requesting leave to file a pro se action and include in that petition:

(1) a list of all of Ms. Kesler's current or previously filed lawsuits;

(2) a sworn declaration from Ms. Kesler reciting the issues she seeks to present and including a short discussion of the legal basis asserted for the claims and asserting that, to the best of Ms. Kesler's knowledge, the legal arguments raised are not frivolous or brought in bad faith;

(3) a request that the Clerk of Court send the referenced materials to a magistrate judge for review to determine whether the complaint is meritorious, duplicative, or frivolous;

Upon receipt of such a petition, a magistrate judge will determine whether the complaint is meritorious, duplicative, or frivolous and forward the complaint to the Chief District Judge for further review. Only with the review and consent of the Chief District Judge, will the complaint be filed.

DATED this _11_ day of May 2023.

Bruce S. Jenkins
United States Senior District Judge